**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>REAL ESTATE PARTNERS, INC.,<br>and its related entities<br>_____<br><br>PETER C. ANDERSON,<br>United States Trustee<br><br>            Appellant,<br><br>vs.<br><br>REAL ESTATE PARTNERS, INC.,<br>and its related entities.<br><br>            Appellees.<br>_____ | CASE NO. SA CV 07-1440 ODW<br><br><br><br><br>ORDER |

    This appeal is taken by Peter C. Anderson in his capacity as United States Trustee ("Appellant") following the Bankruptcy Court's November 20, 2007 Order denying Appellant's 11 U.S.C. § 1104(a) motion for appointment of a Chapter 11 trustee and approving instead the appointment of Mr. Richard Kipperman ("Kipperman") as a "responsible person" for Appellees and debtors Real Estate Partners, Inc., and its seven related entities ("Appellees" or "Debtors"). Pursuant to 28 U.S.C. § 158(a), the District Court may review any final judgment, order, or decree of a bankruptcy court, including an order denying the appointment of a Chapter 11 trustee. *See In re Marvel Entm't Group, Inc.*, 140 F.3d 436, 470 (3d. Cir. 1998). For the reasons briefly discussed below, the

Case 8:07-cv-01440-ODW  Document 42  Filed 10/05/09  Page 2 of 3  Page ID #:345

bankruptcy court's decision is AFFIRMED.

As a threshold issue, the parties appear to dispute the appropriate standard of review that governs this appeal. It is well-settled that a district court reviews the bankruptcy court's legal conclusions *de novo* and must accept the bankruptcy court's factual findings unless they are clearly erroneous. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990). More germane to the issue at hand, however, the Ninth Circuit has noted that the decision not to appoint a trustee in a Chapter 11 proceeding is a factual determination committed to the discretion of the bankruptcy judge. Consequently, the district court reviews the bankruptcy court's decision not to appoint a trustee for an abuse of discretion. *In re Lowenschuss*, 171 F.3d 673, 685 (9th Cir. 1999); *see also In re Marvel*, 140 F.3d at 470.

Generally speaking, the appointment of a trustee under Chapter 11 is an extraordinary remedy. *In re Bayou Group, LLC*, 564 F.3d 541, 546 (2d Cir. 2009) (citations omitted). In this case, after hearing all the evidence, the Bankruptcy Judge found that Appellant had not carried his burden of proving the requisite "cause" under 11 U.S.C. § 1104(a)(1). The court found that Appellant failed to prove, for example, fraud, dishonesty, incompetence or mismanagement of *current management*–i.e., Kipperman[1]–to

---

[1] Like the court below, this Court is also unpersuaded by Appellant's argument that Mr. Kipperman is not "management" of the debtor California corporation, and is therefore in derogation of the California Corporations Code, because he neither answers to, serves at nor was selected by an extant board of directors. Appellant's highly technical argument ignores the very obvious fact that in federal bankruptcy proceedings, authority of management–board of directors or otherwise–is already significantly curtailed and often times subject to conditions and/or limitations set by the bankruptcy court. Indeed, were the Court to accept Appellant's argument, a bankruptcy court would need to appoint a Chapter 11 trustee in every case where it disbands former management, without first examining whether the corporate shareholders and creditors would be better served by new, untainted management, whether in the form of a responsible person or otherwise. Such a holding would undermine the required, case-by-case determination a bankruptcy court must make when considering whether to appoint a Chapter 11 trustee or to approve an alternative form of management. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989) (whether to appoint a trustee is fact intensive and the determination must be made on a case by case basis).

Nor does the Court find that the bankruptcy court's *approval* of Mr. Kipperman's appointment was tantamount to appointing a either a "quasi-trustee" or a receiver in violation of the bankruptcy code. *See, e.g. In re The 1031 Tax Group, LLC*, 374 B.R. 78, 89 n.11 (S.D.N.Y. 2007) (" nothing in the bankruptcy

2

such a degree so as to warrant the appointment of a trustee. The Bankruptcy Judge considered, *inter alia*, Mr. Kipperman's pre-petition engagement, his reputation for integrity, his extensive experience in the real estate finance field, that he had no prior involvement with any of the debtors, that he was appointed by the consent of all debtors, and that no expressed opposition had been voiced by any of the creditors who appeared. Moreover, a complete management restructuring occurred at the threshold of the bankruptcy case, when former management no longer had any control or ability to otherwise govern any of the debtors' affairs.

With all this, and more, the bankruptcy court decided it more prudent to approve the appointment of Mr. Kipperman as a responsible person in lieu of appointing a Chapter 11 trustee. It's factual findings in that regard were adequately supported by the record presented to it and are not clearly erroneous. This Court, therefore, cannot find that the bankruptcy court abused its discretion in denying Appellant's motion to appoint. Consequently, the appeal is DENIED and the bankruptcy court's ruling denying the motion for appointment of a Chapter 11 trustee is AFFIRMED.

IT IS SO ORDERED.

DATED: October 5, 2009

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

---

code precludes a debtor in possession from making necessary changes to its management while in bankruptcy. In fact, the Code requires the debtor to continue to run the debtor's day-to-day operations and make the necessary changes to the business to provide for a successful reorganization."). All the bankruptcy court must do, in the face of an appointment motion, is examine the integrity of new management. The bankruptcy court did that and its findings in that regard are not clearly erroneous.